# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-10-00185-CR

---

**Jose Benitez, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
NO. D-1-DC-10-200125, HONORABLE CHARLES F. BAIRD, JUDGE PRESIDING**

---

### M E M O R A N D U M   O P I N I O N

A jury found appellant Jose Benitez guilty of burglary of a habitation. *See* Tex. Penal Code Ann. § 30.02 (West 2003). The district court assessed his punishment, enhanced by two previous felony convictions, at forty years' imprisonment. Appellant brings forward two points of error urging that the evidence is legally and factually insufficient to support the guilty verdict. We overrule these points and affirm the conviction.

When there is a challenge to the sufficiency of the evidence to sustain a criminal conviction, the question presented is whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007); *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). All the evidence is reviewed in the light most favorable to the verdict; it is assumed that the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew

reasonable inferences in a manner that supports the verdict. *Clayton*, 234 S.W.3d at 778. The *Jackson* standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to prove the defendant's guilt beyond a reasonable doubt. *Brooks v. State*, No. PD-0210-09, 2010 Tex. Crim. App. LEXIS 1240 at *57 (Tex. Crim. App. Oct. 6, 2010). In *Brooks*, the court of criminal appeals overruled all opinions holding that there is a second, factual sufficiency standard for determining the sufficiency of the evidence. *Id*. Point of error two, appellant's factual sufficiency challenge, is therefore overruled.

On the morning of January 7, 2010, Dale Schneider looked out the back window of his house and noticed a strange pickup truck parked at the residence of his neighbor, Richard Palmertree. Schneider also saw two persons, one larger and one smaller, on the Palmertrees' front porch. As Schneider watched, the larger individual walked around the Palmertree house to the rear. Moments later, the front door opened and the larger person inside the house began handing items to the smaller person, who placed them in the truck. Schneider called the police.

Deputy Stan Hibbs, one of several officers who responded to the call, arrived at the Palmertree residence in about five minutes. Hibbs saw two suspects matching the descriptions he had been given running away from the house. Hibbs removed the keys from the suspect pickup truck and gave chase. Hibbs followed the suspects through fields behind the house and across two fences, never losing sight of them. Other officers succeeded in capturing the larger suspect, identified as appellant. Hibbs captured the smaller suspect, a woman named Chantel Nealy.

A rear window of the Palmertree house was found to be broken, and the interior of the residence was in disarray. A jewelry box taken from the house was found along one of the fences

crossed by the suspects. Other property belonging to the Palmertrees was found in the pickup truck. Palmertree testified that his house had not been in this condition when he and his family left that morning. He also testified that he did not know appellant or Nealy, and that neither of them had permission to enter his house. The suspect truck was shown to be registered to appellant's mother, and the address on the vehicle registration was the same as the address on appellant's state identification card.

Appellant does not question the sufficiency of the evidence with respect to the burglary itself, but he contends that he was not shown to be one of the burglars. He correctly notes that Schneider did not identify him at trial, and he asserts that there is no other evidence placing him inside the Palmertree residence. Appellant points out that the Palmertrees' back window was broken and appellant had a laceration on his hand when he was taken into custody, but no blood was found on the broken window. Thus, there was no DNA evidence linking appellant to the burglary. In addition, no effort was made to collect fingerprints at the scene. Schneider testified, however, that he watched the two suspects until they fled upon the arrival of the police. The evidence establishes that the larger of the fleeing suspects was appellant. Viewing all the evidence in the light most favorable to the verdict, the jury could rationally conclude beyond a reasonable doubt that appellant was the larger individual Schneider saw handing property from inside the Palmertree residence to the accomplice who placed the stolen items in the pickup truck. Point of error one is overruled.

3

The judgment of conviction is affirmed.

_____

Jan P. Patterson, Justice

Before Chief Justice Jones, Justices Patterson and Henson

Affirmed

Filed:  December 1, 2010

Do Not Publish